## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. CR-21-00153-PRW

DAQUAN PHILLIP JARRETT,
ANTHWON AUSTIN SEARS, and
NIAJAE KHELYN VERNON,

        Defendants.

### ORDER

Anthwon Austin Sears, along with co-defendants Daquan Phillip Jarrett and Niajae Khelyn Vernon, allegedly possessed about 5 pounds of fentanyl pills on April 29, 2021. Mr. Jarrett was the driver of a vehicle, along with Sears and Vernon, that was stopped along eastbound I-40 in Beckham County. Mr. Sears made statements during the traffic stop. Now, Mr. Sears moves for an order suppressing all physical evidence, including oral statements obtained as a result of the traffic stop on April 29, 2021 (Dkt. 95). The boilerplate motion identifies no actual or potential disputed facts, nor does it make any legal arguments regarding the legality of the stop; it merely nods to the Fourth Amendment and requests a hearing. For the reasons below, the motion is **DENIED**.

### *Background*

The facts alleged by the Government—none of which are disputed by the Defendant in his motion—are as follows. As detailed in Agent Morgan's affidavit, he was driving eastbound on I-40 in Beckham County, Oklahoma on April 29, 2021, at approximately

1

11:10 am. At that time, he observed a silver Chrysler minivan driving in front of him. The officer observed that the minivan was following a tractor trailer and was traveling less than one car length behind in the 75-mph speed zone for about a quarter of a mile. The officer then pulled minivan over because of the enhanced danger of following that type of vehicle at that speed.

As Agent Morgan approached the minivan, he detected the odor of marijuana coming from inside the vehicle. In his affidavit, Agent Morgan identified the three occupants of the vehicle as Daquan Jarrett (the driver), Niajae Vernon (the middle seat passenger), and Anthwon Sears (the rear seat passenger). The affidavit and video recordings provided to the Court indicate that, at this point, Agent Morgan prepared a warning for Mr. Jarrett and asked him how much marijuana was in the vehicle. Mr. Jarrett responded that there was only a little bit of marijuana. Agent Morgan then said that he was going to search the vehicle to verify that, and Mr. Jarrett agreed.

Agent Morgan and another agent, Agent English, conducted a search of the vehicle. Agent Morgan located several small plastic baggies containing marijuana and several other marijuana products from California dispensaries. Additionally, Agent English located a bag of fentanyl pills in the back cargo area of the vehicle, at which point Defendants Vernon and Sears were placed in handcuffs. At various times during and after the search, Defendants made several statements to the officers.

Defendant Sears now seeks to exclude the physical evidence from the traffic stop as well as his subsequent statements. However, as the Government points out, Defendant has merely filed a generic motion to suppress that does not identify any factual dispute and sets

forth no actual grounds for suppression, and demands, without citing any legal authority, an evidentiary hearing.

*Discussion*

Customarily, the Court will hold an evidentiary hearing when a motion to suppress is filed that raises factual and legal disputes that merit exploration. However, the decision on whether to hold an evidentiary hearing is committed to the Court's discretion,[1] because an evidentiary hearing is warranted only where there are disputed factual allegations that are "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue."[2] Here, Defendant failed to identify any facts in dispute or provide any alternate facts other than what has been produced in discovery. Moreover, Defendant does not identify any grounds for suppression. Instead, he merely sets forth the legal standard to assess the legality of the traffic stop. As such, because the parties have not indicated to the Court that there are material disputed facts pertaining to the stop and the search, nor any identifiable legal arguments as to the legality of the search, the Court exercises its discretion to resolve the legal question presented without holding an evidentiary hearing.

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures,"[3] such as searches or seizures conducted "without prior

---

[1] *See United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995).

[2] *Id.* (quoting *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)).

[3] U.S. CONST. AM. IV.

approval by judge or magistrate."[4] Whether a traffic stop is valid under the Fourth

Amendment turns on whether "this particular officer had reasonable suspicion that this

particular motorist violated any one of the multitude of applicable traffic and equipment

regulations of the jurisdiction."[5] Reasonable suspicion requires only a "minimum level of

objective justification"[6] that "need not rise to the level required for probable cause."[7] The

inquiry is "based on the totality of circumstances" including "an officer's reasonable

inferences based on training, experience, and common sense."[8] Officers may then also

search an automobile without a warrant if they have probable cause justifying a search.[9]

---

[4] *Thompson v. Louisiana*, 469 U.S. 17, 19–20 (1984) (per curiam).

[5] *United States v. Botero–Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (citation omitted); *United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2009).

[6] *I.N.S. v. Delgado*, 466 U.S. 210, 217 (1984). However, an officer with reasonable suspicion need not "rule out the possibility of innocent conduct" as long as the totality of the circumstances suffices to form "a particularized and objective basis" for a traffic stop. *United States v. Arvizu*, 534 U.S. 266, 277–78 (2002) (citation omitted). Moreover, reasonable suspicion may be supported by an "objectively reasonable" good faith belief even if premised on factual error. *See United States v. Walraven*, 892 F.2d 972, 974–75 (10th Cir. 1989) (quotation omitted).

[7] *Arvizu*, 534 U.S. at 274; *United States v. Vercher*, 358 F.3d 1257, 1261 (10th Cir. 2004); *see United States v. Callarman*, 273 F.3d 1284, 1287 (10th Cir. 2001) (upholding a traffic stop based on a reasonable articulable suspicion that a cracked windshield substantially obstructed the driver's view—the standard required by statute—regardless of whether or not the crack actually constituted a violation of the law); *United States v. Allegree*, 175 F.3d 648, 650 (8th Cir. 1999) (upholding a traffic stop based on the mistaken, yet reasonable, belief that defendant had illegal headlights).

[8] *United States v. Rice*, 483 F.3d 1079, 1283 (10th Cir. 2007) (citations omitted).

[9] *Florida v. White*, 526 U.S. 559, 563−64 (1999) ("[W]hen federal officers have probable cause to believe that an automobile contains contraband, the Fourth Amendment does not

According to the Government, an observation of a following distance less than one car length behind a semi in the 75-mph speed zone for about a quarter of a mile is, in this case, sufficient to effectuate a traffic stop under Title 47, Section 11–310(a) of the Oklahoma Statutes. Section 11–310(a) prohibits a driver from "follow[ing] another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." The Court agrees that an officer's consideration of the high speed and close distance between cars on a rural interstate provided the requisite minimal level of objective justification to suspect Section 11–310(a) had been violated. Therefore, the Court finds Agent Morgan had reasonable suspicion to stop Defendants' vehicle.[10]

Moreover, as the Government correctly points out, there was probable cause to search the vehicle based on the alleged smell and presence of marijuana. "[W]hen [police] officers have probable cause to believe that an automobile contains contraband, the Fourth Amendment does not require them to obtain a warrant prior to searching the [vehicle] for and seizing the contraband."[11] The evidence before the Court indicates that as he approached

---

require them to obtain a warrant prior to searching the car for and seizing the contraband.") (citing *Carroll v. United States*, 267 U.S. 132, 150–51 (1925)).

[10] *See, e.g.*, *United States v. Law*, 572 F. App'x 644, 646 (10th Cir. 2014) (finding reasonable suspicion existed under similar circumstances, justifying the stop of a car that was likewise following another too closely, potentially in violation of Section 11–310(a)); *Vercher*, 358 F.3d at 1261 (finding the same where there was a perceived violation of a comparable following-too-closely Kansas statute).

[11] *United States v. Bailey*, No. 10-CR-0072-CVE, 2010 WL 2465496, at *4 (N.D. Okla. June 11, 2010) (quoting *White,* 526 U.S. at 563).

5

Defendants' vehicle, Agent Morgan detected the odor of marijuana, and Defendant Sears does not dispute that fact. Thus, in this case, a full search of the vehicle was justified because the officers had probable cause to believe that the vehicle contained contraband.

Accordingly, the Court finds that the Government has carried its burden and demonstrated that Agent Morgan had reasonable suspicion that Defendants violated a traffic regulation at the time of the stop. Moreover, the Government has sufficiently established the officers had probable cause to then search the vehicle.

### *Conclusion*

For the foregoing reasons, the Court finds that the evidence in question was properly discovered in compliance with the Fourth Amendment. The Motion to Suppress (Dkt. 95) is accordingly **DENIED**.

**IT IS SO ORDERED** the 31st day of March 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE